# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| RODNEY PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-174 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 29. The Commissioner does not oppose the request. *Id.*; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). For the reasons set forth below, it is **RECOMMENDED**[1] that plaintiff's motion be **GRANTED**.

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

## I.    BACKGROUND

The District Judge, on the Commissioner's consent motion, reversed and remanded plaintiff's social security appeal to the agency for further consideration pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered in plaintiff's favor.  Docs. 26 (Consent Motion), 27 (Remand Order) & 28 (Judgment).  Plaintiff then filed the instant motion requesting $6,614.68 in attorney's fees for 30.9 hours of work at the rate of $212.05/hour for 2021, and 0.3 hours at the rate of $207.78/hour for 2020, along with $400 in filing costs.  Doc. 29 at 1.

## II.    ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'"  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A).  A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party."  *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment.  *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993).    Where an award is

appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, and his request is timely. He has also demonstrated that the Commissioner's position was not substantially justified. This is evidenced perhaps most strongly by the consent motion requesting that the Court remand the case to the agency so that it could "update the record as possible, and further consider the medical evidence including opinions and records from Dr. James Ryon Poston . . . consider the physician opinions and evaluate them under appropriate regulations . . . [and] also address Listing 12.05B." Doc. 26 at 1-2. Moreover, the Commissioner does not oppose the request for fees and has therefore not refuted the plaintiff's assertion that the agency's decision was not substantially justified. *See* doc. 29 at 3-4. The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court should also find that the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a

reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable. Counsel spent 31.2 hours total on the case. *See* doc. 29 at 3. The transcript totaled 915 pages, *see* doc. 17-1, and counsel distilled that record down into a 23-page brief containing five distinct arguments, *see* doc. 25. The arguments were so persuasive the Commissioner did not file any opposition but sought remand. Doc. 26.

Plaintiff's counsel seeks approval of an hourly rate of $207.78 for work done in 2020 and $212.05 for work done in 2021. Doc. 29 at 5. He identifies cases within the Eleventh Circuit where courts have approved hourly rates "entirely consistent and in-line" with those sought. *Id.*

4

(citing *Bragg v. Comm'r of Soc. Sec.*, 2021 WL 2226587, at *1 (M.D. Fla. June 2, 2021)). Counsel also argues that his extensive experience and history of success in similar cases justifies the requested rate. *Id.* at 6. He also argues that there has been an increase in the cost of living since the EAJA amendment took effect, and that a cost-of-living increase is specifically mentioned in the Act as a factor justifying a higher hourly rate. *Id.* at 5. The Court should approve counsel's proposed hourly rate as reasonable. *See Thomas v. Kijakazi*, CV419-271, doc. 24 at 3 (S.D. Ga. April 5, 2022) (Moore, J.) (finding rates of $206.60 and $219.63 per hour reasonable).

Applying these hourly rates, Plaintiff requests a fee award of $6,614.68 for the 31.2 hours of work. Doc. 29 at 2. Plaintiff also seeks reimbursement of the $400 Clerk's filing fee, which is permitted by the Act. 28 U.S.C. § 2412(a). Therefore, the Court should **GRANT** the motion and award Plaintiff[2] $6,614.68 in attorney's fees and $400 in costs.

---

[2] Plaintiff indicates in his motion that he and his counsel have entered into an assignment agreement. Doc. 29. In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees

## III.  CONCLUSION

The Court should **GRANT** Plaintiff's Motion for Attorney Fees. Doc. 29.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

---

directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).  The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also* Robinson v. Comm'r of Soc. Sec., 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 26th day of April, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA